Todd M. Friedman, Esq. (216752)
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: (877) 206-4741
Fax: (866) 633-0228
tfriedman@toddflaw.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **HAROLD L. COLLINS,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**ENVER SOLAR INC., SMART SOLAR MARKETING, MARC GUYOU, and DOES 1 through 10, inclusive, and each of them,**<br><br>**Defendants** | CASE NO.: 8:19-cv-00146-JLS<br><br>**NOTICE OF MOTION AND MOTION TO ENTER DEFAULT JUDGMENT**<br><br>Hearing Date:  May 28, 2021<br>Hearing Time: 10:30am<br>Department 10A<br><br>Honorable Josephine L. Staton |

   **NOTICE IS HEREBY GIVEN** that the hearing for Plaintiff's Motion to Enter Default Judgment has been set for May 28, 2021 at 10:30 am before Honorable Josephine L. Staton in Court Room 10A, located at United States District Court, 411 W. Fourth St., Santa Ana, CA, 92701.

   NOW COMES PLAINTIFF, by and through his attorney, Todd M. Friedman, to respectfully request that this honorable Court enter default judgment against Defendants. A default was previously entered by the Clerk of this Court on November 23, 2020. Plaintiff hereby requests that judgment be entered in the amount of thirty-nine thousand dollars ($39,000) jointly and severally against

Defendants Enver Solar, Inc., Smart Solar Marketing, and Marcus Anthony Gayou.[1]

 For the reasons set forth in the accompanying memorandum of points and authorities, the attached declarations of Todd M. Friedman and Harold Collins, and the pleadings, files, and other matters that may be presented at the hearing, Plaintiff respectfully request the Court grant his Motion for Default Judgment and enter Judgment.

Respectfully submitted this 11th day of January, 2021.

By: s/Todd M. Friedman
  TODD M. FRIEDMAN
  LAW OFFICES OF TODD M. FRIEDMAN, P.C.
  Attorney for Plaintiff

---

[1] Named as Marc Guyou in the Complaint.

**Memorandum of Points and Authorities**

Defendants Enver Solar Inc. ("Enver"), Smart Solar Marketing ("SSM"), and Marcus Anthony Gayou ("Gayou")[2] have been defaulted by the Court such that Default Judgment may now be taken against them. Plaintiff Harold L. Collins ("Plaintiff") received six calls in violation of the National Do-Not-Call Registry provisions of the Telephone Consumer Protection Act, 47 U.S.C. §227(c) ("TCPA") and was illegally recorded six times without his consent in violation of the California Invasion of Privacy Act, Cal. Pen. C. §632.7 ("CIPA"). Accordingly, Plaintiff now seeks statutory damages jointly and severally against Defendants for these violations in the amount of $39,000.

## I. Procedural Background

Plaintiff filed the Complaint on January 25, 2019. Dkt. 1. Defendant Gayou was personally served on February 2, 2019 but never responded to the lawsuit. Dkt. 13. Defendants Enver and SSM retained attorneys and answered the Complaint on May 23, 2019. Dkt. 16. On January 13, 2020, Defendants Enver and SSM's attorneys moved to withdraw from the case, which was granted on March 17, 2020. Dkts. 23-24. On June 11, 2020, default was taken against Defendant Gayou. Dkt. 26. Plaintiff thereafter moved to dismiss putative Class Claims without prejudice due to the insolvency of Defendants and for default against Defendants Enver and SSM. Dkts. 27-28. The Court dismissed the Class Claims without prejudice and issued an order to show cause to Defendants Enver and SSM. Dkt. 32. Defendants Enver and SSM did not respond to the Order to Show Cause and default was taken by the clerk on November 23, 2020. Dkt. 33. Plaintiff now moves for default judgment against all three defaulted Defendants.

## II. Factual Background

"The general rule of law is that upon default the factual allegations of the

---

[2] Named under an alias of Marc Guyou in the Complaint, but permissibly amendable at the time of judgment as set forth below.

complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir.1977). While Plaintiff additionally submits a declaration further substantiating the factual allegations, Plaintiff begins by turning to those factual allegations.

Beginning in or around March 2, 2018, Defendants contacted Plaintiff in an attempt to solicit Plaintiff to purchase Defendants' services.[3] Complaint, Dkt. 1, at ¶ 12 ("Complaint"). The calls at issue were made to Plaintiff's wireless home telephone which had been registered on the National Do-Not-Call Registry since October 2004 and represent multiple calls for the purposes of solicitation made within a year made to a number registered on the DNC Registry, thus satisfying the elements of 47 U.S.C. §227(c).[4] Declaration of Harold L. Collins ("Collins Decl.") at ¶¶ 3-4, 10-13. Defendants called Plaintiff six times in a row. *Id.*; Complaint at ¶ 13. Plaintiff's telephone number had been registered on the National Do-Not-Call List since August 9, 2012—at least six months prior to the call. Complaint at ¶ 16; Collins Decl. at ¶ 3. Defendants did not have Plaintiff's prior express consent to call him. Complaint at ¶ 20; Collins Decl. at ¶ 14. Further, Defendants recorded Plaintiff but did not inform Plaintiff that they were recording the call and did not obtain his actual or constructive consent to be recorded. Complaint at ¶¶ 24-26; Collins Decl. at ¶ 13. By doing so, Defendants violated the Do-Not-Call Provisions of the TCPA as well as CIPA. Complaint at ¶¶ 50-57; Collins Decl. at ¶ 15. Plaintiff seeks statutory damages of $1,500 per call in violation of the TCPA and $5,000 per call in violation of CIPA.

### III. Legal Argument

Given the facts are uncontested, the Court should enter default judgment in favor of Plaintiff against Defendants. After entry of a default, the Court may

---

[3] Defendant Gayou is the responsible managing officer for Enver and Smart Solar and thus responsible for the acts of the companies whom he oversees. *Id.* at ¶ 9.
[4] Plaintiff does not seek judgment for and dismisses his first two causes of action under 47 U.S.C. §227(b).

enter a default judgment. *Coach, Inc. v. Diana Fashion*, 2011 WL 6182332, at *1 (N.D. Cal. Dec. 13, 2011) (citing Fed.R.Civ.P. 55(b)(2)). Its decision whether to do so, while "discretionary," *Aldabe v. Aldabe,* 616 F.2d 1089, 1092 (9th Cir.1980), is guided by several factors. As a preliminary matter, the Court must "assess the adequacy of the service of process on the party against whom default judgment is requested." *Bd. of Trs. of the N. Cal. Sheet Metal Workers v. Peters,* No. 00–0395 VRW, 2000 U.S. Dist. LEXIS 19065, at *2 (N.D. Cal. Jan. 2, 2001).

If the Court determines that service was sufficient, it should consider whether the following factors support the entry of default judgment: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool,* 782 F.2d 1470, 1471–72 (9th Cir.1986). "The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Geddes v. United Fin. Group,* 559 F.2d 557, 560 (9th Cir.1977).

All of these factors weigh in favor of entering default judgment as laid forth below.

### A. Service of Process Was Adequate and Judgment May Be Entered Against Marcus Anthony Gayou Named As Marc Guyou In The Complaint

All Defendants were served personally as required under California law. Dkts. 12-14. Accordingly, there is no issue regarding the adequacy of service. Further, Plaintiff may appropriately request and the Court may order that Marcus Anthony Gayou be named in the judgment in place of his alias Marc Guyou

In *Grannis v. Ordean*, 234 U.S. 385, 391 (1914), service of summons in an action for partition of real property was completed by mailing and publication, in full compliance with state statutes, but, one defendant's surname was misspelled, presenting the issue of whether service in this manner was consistent with due process and could bind the defendant to the judgment. In considering the issue, the Court stated:

> The "due process of law" clause, however, does not impose an unattainable standard of accuracy. If a defendant within the jurisdiction is served personally with process in which his name is misspelled, he cannot safely ignore it on account of the misnomer. The rule, established by an abundant weight of authority, is, that if a person is sued by a wrong name, and he fails to appear and plead the misnomer in abatement, the judgment binds him.

*Id.* at 394-95. Here, Defendant Gayou was personally served at his residence with process as provided for under Cal. C. Civ. Proc. § 416.90. Dkt. 13. Further, in reviewing the Complaint he was served with, Defendant Gayou would have readily ascertained that the Marc Guyou named in the lawsuit was him.[5] Defendant Gayou was listed on the Contractor State Licensing Board website as the Responsible Managing Officer for Defendant Enver at the relevant time and as set forth in the Complaint. Collins Decl. at ¶ 6 and Complaint at ¶ 9. Despite being served on February 2, 2019 and receiving numerous court filings and notices, including of his default, Defendant Gayou has chosen not to respond to the Complaint. Amending his alias of Marc Guyou to Marcus Anthony Gayou for purposes of judgment is accordingly appropriate.

Further, amending a misspelled party's name on a judgment is viewed as a

---

[5] Further, Defendant Gayou actually operates his own construction company using the alias spelling, "Guyou Construction." Collins Decl. at ¶ 8.

permissible non-substantive change in the Ninth Circuit.[6]  In *Catz v. Chalker*, 566 F.3d 839, 841 (9th Cir.2009), the Ninth Circuit indicated Rule 60(a) can be applied to correct a misspelled party's name on a judgment because it is considered a "clerical mistake."  *See also Harman v. Harper,* 7 F.3d 1455, 1457 (9th Cir.1993) ("The basic distinction between 'clerical mistakes' and mistakes that cannot be corrected pursuant to Rule 60(a) is that the former consist of 'blunders in execution' whereas the latter consist of instances where the court changes its mind").  A mistake need not have been committed by the clerk or the court, and Rule 60(a) is available even to correct mistakes by the parties.  *Icho v. PacketSwitch.com, Inc.*, 2010 WL 503039, at *5–6 (N.D. Cal. Feb. 5, 2010), *aff'd sub nom. Icho v. Hammer*, 434 F. App'x 588 (9th Cir. 2011) (citing *Warner v. Bay St. Louis,* F.2d 1211, 1212 (5th Cir. 1976) (mistakes correctable by Rule 60(a) are "not necessarily made by the clerk"); *Pattiz v. Schwartz,* 386 F.2d 300, 303 (8th Cir. 1968) (mistakes by parties correctable by Rule 60(a)). The Rule "allows courts to modify their judgment in order to insure that the record reflects the actual intention of the court and the parties." *Id.* (citing *Matter of West Texas Marketing Corp.,* 12 F.3d 497, 504 (5th Cir.1994)).

  Accordingly, the Court may appropriately name and enter judgment against Marcus Anthony Gayou in place of his alias Marc Guyou.

**B. Plaintiff Will Suffer Prejudice If Default Judgment Is Not Entered**

  For the reasons set forth above and below, Plaintiff has suffered a cognizable legal harm from the invasion of his privacy as codified by the California and United States Legislatures in the CIPA and TCPA.  If Default Judgment is not entered, Plaintiff will suffer prejudice by being deprived the right to pursue those claims against Defendants who have chosen to flaunt the law.

---

[6] Usually considered under Fed. R. Civ. P. 60(a) for amending a judgment after receiving it, but the Court may also consider it in applying for the judgment in the first place, rather than waiting for a second motion to correct it after.

### C. Plaintiff's Claims Have Merit

Plaintiff has adequately alleged claims under the TCPA and CIPA and further supported those claims with the declaration of Plaintiff.

Section 227(c)(5) establishes a private right of action in state court for a person who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of these regulations. *Kazemi v. Payless Shoesource Inc.*, 2010 WL 963225, at *2 (N.D. Cal. Mar. 16, 2010). A person may bring an action under section 227(c)(5) to enjoin the violation and to receive the greater of his or her actual monetary losses or up to $500 per violation. *Id.* For willful and knowing violations, the court has discretion to treble the award amount. *Id.*

The six calls at issue were made to Plaintiff's wireless home telephone which had been registered on the National Do-Not-Call Registry since October 2004 and represent multiple calls for the purposes of solicitation made within a year made to a number registered on the DNC Registry, thus satisfying the elements of 47 U.S.C. §227(c).[7] Collins Decl. at ¶¶ 3-4, 10-13; Complaint at ¶¶ 12-13, 16, 20. Plaintiff's registration on the National-Do-Not Call Registry for over ten years prior to the call and the repetitive and intentionally harassing nature of the calls makes it clear Defendants' violations were willful and wanton and not just negligent. Collins Decl. at ¶ 15. Defendant Gayou has been the RMO for at least three other companies that made similar illegal calls in the past. *Id.* at ¶ 9. Accordingly, Plaintiff has demonstrated his TCPA claim has merits for six violations of (c)(5).

Cal. Pen. C. § 632.7 makes it illegal to receive and record a communication between a cordless telephone and any other phone without the consent of all

---

[7] Plaintiff does not seek judgment and dismisses his first two causes of action under 47 U.S.C. §227(b).

parties to the call. Cal. Pen. C. § 632.7; *Coulter v. Bank of America*, 28 Cal.App.4th 923, 935 (1994). Each illegal recordation is subject to $5,000 in statutory damages. *Id.*; Cal. Pen. C. § 637.2. Defendants recorded the telephone calls to Plaintiff's wireless telephone without informing him or obtaining his consent, thus satisfying the elements of Cal. Pen. C. § 632.7. Collins Decl. at ¶ 13; Complaint at ¶¶ 24-26.

As one additional note on joint and several liability, Plaintiff alleged that all Defendants were involved in placing the calls at issue and making the recordings at issue. Complaint at ¶¶ 12-27. Further, Defendant Gayou was responsible pursuant to Cal. Bus. & Prof. C. §§ 7965(c)(3), 7065.1(c), 7068, and 7068.1 as responsible managing officer for the actions of Defendant Enver—in which he was both an officer and had to hold at least a 20% equity share. Collins Decl. at ¶¶ 6-8. Where a statute intended to protect and benefit the public welfare is violated by a corporation, the corporate officers and managers having control over and the ability to ensure compliance with the law are personally liable for the violations. *United States v. Park*, 421 U.S. 658 (1975); *People v. Wilmshurst*, 68 Cal.App.4th 1332 (1999); *People v. Toomey,* 157 Cal.App.3d 1 (1984); and *People v. Conway*, 42 Cal.App.3d 875 (1974). The CIPA and TCPA are statutes specifically enacted to protect the public welfare of citizens of the United States and California by protecting their right to privacy. Accordingly, imposing liability against Defendant Gayou as the responsible managing officer is appropriate.

Both Plaintiff's CIPA and TCPA claims have merit and liability may be imposed jointly and severally against all Defendants.

**D. The Sufficiency of the Complaint**

Plaintiff's Complaint adequately pleads the nature of the claims, the factual allegations supporting those claims, and the statutory damages per violation at issue as set forth above. Accordingly, the Complaint is sufficient.

### E. The Sum of Money At Stake In The Action

Plaintiff seeks only the statutory damages he is owed, which is $39,000 composed of 6 violations of the TCPA at $1,500 per violation and 6 violations of CIPA valued at $5,000 per violation. The sum is not excessive and is expressly authorized by the statutes.

### F. The Possibility Of A Dispute Concerning Material Facts

Plaintiff has direct knowledge of the calls at issue, his registration on the do-not-call registry, and Defendants explicitly told Defendants that it illegally recorded the six calls after the fact. Accordingly, even in absence of default, there can be no dispute concerning the material facts in this matter.

### G. The Default Is Not Due To Excusable Neglect

Defendants Enver and SSM have chosen not to retain new counsel after their attorneys withdrew in March 2020. Defendant Gayou has failed to respond to the Complaint despite being served in February 2019 and receiving notices of his default and other proceedings. There is no excusable neglect.

### H. This Matter Will Be Resolved On The Merits Through Default Judgment

Because Plaintiff had adequately supported his claims as set forth above, resolution of this matter through default judgment will act as an adjudication on the merits as favored within the Ninth Circuit.

### IV. Conclusion

Defendants were properly served and had an opportunity to respond to Plaintiff's allegations but have failed to do so. Plaintiff's complaint sought and Plaintiff is thus entitled to $1,500 statutory damages per call pursuant to 47 U.S.C. §227(c)(5), and $5,000 per violation pursuant to Cal. Pen. C. § 637.2(a). Plaintiff has submitted evidence through the Complaint, which is taken as true, and his attached declaration and is thus entitled to judgment against Defendants Enver Solar, Inc., Smart Solar Marketing, and Marcus Anthony Gayou in the amount of thirty nine thousand dollars ($39,000) for the six violations of Cal.

Pen. C. § 632.7 and six violations of provision (c) of the TCPA.  Because all Defendants participated and oversaw the calls at issue, joint and several liability as to all Defendants is appropriate.

Respectfully submitted this 11th day of January, 2021.

By: s/Todd M. Friedman
    TODD M. FRIEDMAN
    LAW OFFICES OF TODD M. FRIEDMAN, P.C.
    Attorney for Plaintiff

Notice of Motion and Motion to Enter Default Judgment

Filed electronically on this 11th Day of January, 2020, with:

United States District Court CM/ECF system

Notification sent electronically via the Court's ECF system to:

Honorable Judge Josephine L. Staton
United States District Court
Central District of California

And Mailed to:
Marc Guyou aka Marcus Anthony Gayou
27471 Fallbrook Ct
Corona, CA 92883

Smart Solar Marketing
c/o Corporate Service Company
2710 Gateway Oaks Dr., Suite 150N
Sacramento, CA 95833

Enver Solar Inc.
c/o Corporate Service Company
2710 Gateway Oaks Dr., Suite 150N
Sacramento, CA 95833

This 11th Day of January, 2020

s/Todd M. Friedman, Esq.
TODD M. FRIEDMAN