UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV19-00146-JLS-KES                    Date: May 26, 2021
Title:  Harold L. Collins et al v. Enver Solar Inc. et al

Present: **Honorable JOSEPHINE L. STATON, UNITED STATES DISTRICT JUDGE**

Karlen Dubon                              N/A
Deputy Clerk                          Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:   ATTORNEYS PRESENT FOR DEFENDANTS:

Not Present                            Not Present

**PROCEEDINGS:  (IN CHAMBERS)  ORDER GRANTING MOTION FOR DEFAULT JUDGMENT (Doc. 36)**

Before the Court is Plaintiff's Motion for Default Judgment.  (Mot., Doc. 36.)  The Court finds this matter appropriate for decision without oral argument, and the hearing set for May 28, 2021, at 10:30 a.m. is VACATED. Fed. R. Civ. P. 78(b); C.D. Cal. R. 7-15. For the following reasons, the Court GRANTS Plaintiff's Motion.

## I.    BACKGROUND

Plaintiff Harold L. Collins alleges that he received six calls in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227(c), and was illegally recorded six times without his consent in violation of the California Invasion of Privacy Act ("CIPA"), Cal. Penal Code § 632.7.  (Compl., Doc. 1.)

Defendants are telemarketers who sell solar panels and solar panel installation services.  (Compl. ¶¶ 7–8.) On March 2, 2018, Defendants called Plaintiff's cell phone "in an attempt to solicit Plaintiff to purchase Defendants' services."  (*Id.* ¶ 12.) Defendants called Plaintiff six times in a row.  (*Id.* ¶ 13.)  "Plaintiff picked up one of the calls and explicitly told Defendants not to call him," but Defendants "proceeded to call him five additional times."  (*Id.* ¶ 13.)  Plaintiff alleges that his cell phone number had

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV19-00146-JLS-KES                              Date: May 26, 2021
Title:  Harold L. Collins et al v. Enver Solar Inc. et al

been registered on the National Do-Not-Call List for at least six months prior to March 2018.  (*Id.* ¶ 16.)

On January 25, 2019, Plaintiff filed this putative class action against Defendants Enver Solar Inc. ("Enver") and Smart Solar Marketing ("SSM") (collectively, "Defendants").[1]  Defendants were personally served through their agents for process. (Docs. 12, 14.)  Defendants retained an attorney and filed an Answer to the Complaint (Answer, Doc. 16), but "ultimately stopped paying their attorney who withdrew and ceased participating in the litigation" (Friedman Decl. ¶ 4, Doc. 36-2).  On November 11, 2020, the Court granted Plaintiff's motion to dismiss the class claims without prejudice and ordered Defendants to show cause why default should not be entered against them for failing to obtain new counsel as required by Local Rules 83-2.1.1.3 and 83-2.2.2.  (Order, Doc. 32.)  Defendants failed to respond to the Court's Order, and default was entered against them on November 23, 2020.  (Default, Doc. 33.)

Plaintiff has now moved for default judgment.

## II.  <u>LEGAL STANDARD</u>

Under Rule 55 of the Federal Rules of Civil Procedure, entering a default judgment is a two-step process.  *See* Fed. R. Civ. P. 55; *see also Eitel v. McCool*, 782 F.2d 1470, 1471 (9th Cir. 1986).  Prior to entry of a default judgment, there must be an entry of a default.  *See* Fed. R. Civ. P. 55.  Upon entry of a default, the factual allegations of the complaint, save for those concerning damages, are deemed to have been admitted by the defaulting party.  Fed. R. Civ. P. 8(b)(6); *see Geddes v. United Fin. Grp.*, 559 F.2d 557, 560 (9th Cir. 1977).  Allegations regarding damages are not taken as true and must

---

[1] Defendant Marcus Anthony Gayou, named in the Complaint as "Marc Guyou," has since been voluntarily dismissed with prejudice by the Plaintiff.  (Order, Doc. 39).  The Court will therefore not address Plaintiff's Motion as to Defendant Gayou, including Plaintiff's argument that "the Court may appropriately name and enter judgment against Marcus Anthony Gayou in place of his alias Mar Guyou."  (Mot. at 7.)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  SACV19-00146-JLS-KES                              Date: May 26, 2021
Title:  Harold L. Collins et al v. Enver Solar Inc. et al

be independently proven.  *See Geddes*, 559 F.2d at 560.  In addition, "a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law." *United States v. Cathcart*, No. C 07-4762 PJH (JCS), 2010 WL 1048829, at *4 (N.D. Cal. Feb. 12, 2010).  "[N]ecessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." *Cripps v. Life Ins. Co. of North Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992) (citing *Danning v. Lavine*, 572 F.2d 1386, 1388 (9th Cir. 1978)).  "[I]t follows from this that facts . . . not established by the pleadings of the prevailing party, or claims . . . not well-pleaded, are not binding and cannot support a judgment." *Danning*, 572 F.2d at 1388.

A district court has discretion to grant or deny a motion for default judgment. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).  The Ninth Circuit has set forth seven factors to be considered by courts in reviewing a motion for default judgment: "(1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action[,] (5) the possibility of a dispute concerning material facts[,] (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits." *Eitel*, 782 F.2d at 1471–72.

## III.    DISCUSSION

### A.    Plaintiff has satisfied Local Rule 55-1

Plaintiff's Motion satisfies Local Rule 55-1.  See C.D. Cal. R. 55-1.  Plaintiff has included a declaration supporting his Motion stating that: (1) default was entered against Defendants on November 23, 2020 (Doc. 33); (2) the defaulting Defendants are not infants nor incompetent persons; and (3) the Servicemembers Civil Relief Act does not apply.  (Friedman Decl. ¶¶ 4, 10–11.)  Further, notice of Plaintiff's Motion has been

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV19-00146-JLS-KES                           Date: May 26, 2021
Title:  Harold L. Collins et al v. Enver Solar Inc. et al

served on the defaulting parties.  (*Id.* ¶ 12.)  The Court therefore finds that the
requirements of Local Rule 55-1 have been satisfied.

### B.    *Eitel* Factors

#### 1.    Prejudice to the Plaintiff

"The first Eitel factor considers whether a plaintiff will suffer prejudice if a default
judgment is not entered."  *Landstar Ranger, Inc. v. Parth Enters., Inc.*, 725 F. Supp. 2d
916, 920 (C.D. Cal. 2010).  Prejudice can be shown if denying default judgment would
leave a plaintiff without a remedy.  *Id.*; *see also PepsiCo, Inc. v. Cal. Security Cans*, 238
F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) (finding that "potential prejudice to Plaintiffs
favors granting a default judgment" where denying the requested default judgment would
leave Plaintiffs "without other recourse for recovery").  Absent entry of default judgment,
Plaintiff will not be able to recover the statutory damages to which he is entitled under
the TCPA and CIPA.  Thus, this factor weighs in favor of entering default judgment.

#### 2.    Merits of Claim and Sufficiency of Complaint

The next two factors look at Plaintiff's likelihood of success on the merits,
requiring it to "state a claim on which [it] may recover."  *See PepsiCo, Inc.*, F. Supp. 2d
at 1175 (C.D. Cal. 2002) (internal citation omitted).  "In considering the sufficiency of
the complaint and the merits of the plaintiff's substantive claims, facts alleged in the
complaint not relating to damages are deemed to be true upon default."  *Bd. of Trs. Of
Sheet Metal Workers v. Moak*, No. C 11-4620 CW, 2012 WL 5379565, at *2 (N.D. Cal.
Oct. 31, 2012) (citing *Geddes*, 559 F.2d at 560; Fed. R. Civ. P. 8(d)).  "On the other hand,
a defendant is not held to admit facts that are not well-pleaded or to admit conclusions of
law."  *Cathcart*, 2010 WL 1048829, at *4.  Moreover, "necessary facts not contained in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV19-00146-JLS-KES                          Date: May 26, 2021
Title:  Harold L. Collins et al v. Enver Solar Inc. et al

the pleadings, and claims which are legally insufficient, are not established by default."
*Cripps*, 980 F.2d at 1267 (citing *Danning*, 572 F.2d at 1388).

 Plaintiff moves for default judgment on the basis that Defendants' conduct (1) violated Section 227(c)(5) of the TCPA and (2) violated Cal. Penal Code § 632.7.[2]

### a.  TCPA

 "The regulations promulgated under section 227(c) prohibit the initiation of any telephone solicitation to a telephone subscriber who has registered his or her telephone number on the National Do Not Call Registry." *Kazemi v. Payless Shoesource Inc*., No. C 09-5142 MHP, 2010 WL 963225, at *2 (N.D. Cal. Mar. 16, 2010) (citing 47 C.F.R. § 64.1200(c)).  Section 227(c) provides a private right of action to a "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity" in violation of this regulation.  47 U.S.C. § 227(c)(5).  A plaintiff may recover up to $500 in damages for each violation.  *Id.* § 227(c)(5)(B).  The court may, in its discretion, award treble damages if it finds "that the defendant willfully or knowingly violated" this regulation.

 Plaintiff alleges that (1) Defendants are both "persons" under the TCPA, 47 U.S.C. § 153(39); (2) Defendants initiated six telephone solicitations to sell Plaintiff their services; (3) Defendants made more than one such telephone call to Plaintiff within a 12-month period, and (4) these calls were made to Plaintiff's wireless home telephone number that had been registered on the DNC Registry.  (Compl. ¶¶ 7–8, 12–21.)

 Accordingly, Plaintiff has sufficiently stated a claim under 47 U.S.C. § 227(c)(5).

---

[2] "Plaintiff does not seek judgment and dismisses his first two causes of action under 47 U.S.C. §227(b)."  (Mot. at 8 n.7.)

**CIVIL MINUTES – GENERAL**                          **5**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV19-00146-JLS-KES                                      Date: May 26, 2021
Title:  Harold L. Collins et al v. Enver Solar Inc. et al

b.  **Section 632.7 of the CIPA**

Section 632.7 of the California Invasion of Privacy Act imposes liability on anyone "who, without the consent of all parties to a communication, intercepts or receives and intentionally records . . . a communication transmitted between" a cellular telephone and another telephone.  Cal. Penal Code § 632.7.  "California Penal Code section 637.2 ('section 637.2'—not to be confused with section 632.7) provides a private right of action to enforce violations of section 632.7.*"  Ronquillo-Griffin v. TELUS Commc'ns, Inc*., No. 17-CV-129 JM (BLM), 2017 WL 2779329, at *2 (S.D. Cal. June 27, 2017).  The California Supreme Court has recently held that Section 632.7 applies to the parties of the call as well as to non-parties.  *Smith v. LoanMe, Inc*., 11 Cal. 5th 183, 483 P.3d 869, 871 (2021).

Plaintiff alleges that (1) "on the call Plaintiff spoke to Defendants on, Defendants made a recording of the call, failing to disclose to Plaintiff that the call was being recorded"; (2) "[a]t no time did Plaintiff ever provide actual or constructive consent to Defendants to record the telephone call"; (3) "[a]t no point did Plaintiff have a reasonable expectation that any of the calls with Defendants, that were initiated by Defendants, were being recorded."  (Compl. ¶¶ 24–28.)  Plaintiff also alleges that it is "Defendants' pattern and practice to record incoming calls made to and by California residents," without warning that the calls will be recorded.  (Compl. ¶ 27.)  Plaintiff did not learn that the Defendants recorded the phone call until the sixth phone call with Defendants, at which point "[t]he caller told [Plaintiff] something to the effect that Enver records all of its calls and they had a recording of [Plaintiff] swearing at their employee[.]"  (Collins Decl. ¶ 13, Doc. 36-1.)

Based on the foregoing allegations, Plaintiff has stated a claim under Cal. Penal Code § 632.7.  *See Ronquillo-Griffin*, 2017 WL 2779329, at *2 (denying a motion to dismiss a Section 632.7 claim where the plaintiffs alleged that an agent of a credit reporting bureau called the plaintiffs and recorded those calls without their consent).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV19-00146-JLS-KES                                    Date: May 26, 2021
Title:  Harold L. Collins et al v. Enver Solar Inc. et al

### 3.      Amount of Money at Issue

Under the fourth *Eitel* factor, "the court must consider the amount of money at stake in relation to the seriousness of Defendant's conduct." *PepsiCo*, 238 F. Supp. 2d at 1176. "Default judgment is disfavored where the sum of money at stake is too large or unreasonable in relation to defendant's conduct." *Vogel v. Rite Aid Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014) (citation omitted). Here, Plaintiff seeks a total of $39,000 in statutory damages ($1,500 per violation of the TCPA and $5,000 per violation of CIPA). Although the Court will not award the full amount requested (*see* Section IV *infra*), the amount Plaintiff seeks is expressly authorized by the statutes. *See Roylance v. ALG Real Est. Servs., Inc.*, No. 5:14-CV-02445-PSG, 2015 WL 1522244, at *8 (N.D. Cal. Mar. 16, 2015), *report and recommendation adopted as modified*, No. 14-CV-02445-BLF, 2015 WL 1544229 (N.D. Cal. Apr. 3, 2015) (internal citations omitted) ("As the TCPA allows for the award of such damages and the [c]ourt has discretion as to these damages . . . this factor weights in favor of entry for default judgment.")

### 4.      The Possibility of a Dispute Concerning Material Facts

"The fifth *Eitel* factor examines the likelihood of disputes between the parties regarding the material facts surrounding the case." *Craigslist, Inc. v. Naturemarket, Inc*., 694 F. Supp. 2d 1039, 1060 (N.D. Cal. 2010). "Where a plaintiff has filed a well-pleaded complaint, the possibility of dispute concerning material facts is remote." *Wecosign, Inc. v. IFG Holdings, Inc*., 845 F. Supp. 2d, 1082 (C.D. Cal. 2012) (citing *Landstar Ranger*, 725 F. Supp. 2d at 921–22). As discussed above, Plaintiff's Complaint is well-pleaded and supported by evidence. This factor thus weighs in favor of entering default judgment.

### 5.      The Possibility of Excusable Neglect

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV19-00146-JLS-KES                              Date: May 26, 2021
Title:  Harold L. Collins et al v. Enver Solar Inc. et al

"The sixth *Eitel* factor considers the possibility that the default resulted from excusable neglect." *PepsiCo*, 238 F. Supp. 2d at 1177.  This factor favors a default judgment when the defendant has been properly served or the plaintiff demonstrates that the defendant is aware of the lawsuit.  *Id*. (concluding that this factor favored default judgment where Defendant was properly served and contacted Plaintiffs' counsel to discuss the matter); *Craigslist*, 694 F. Supp. 2d at 1061 ("Plaintiff has proffered evidence showing Defendants were clearly aware of the pending litigation.")

Here, Defendants were properly served (Docs. 12, 14) and filed an Answer to the Complaint before they stopped participating in the action.  (Answer, Doc. 16.)  The possibility of excusable neglect is therefore extremely unlikely, and this factor weighs in favor of entering default judgment.

### 6.       Policy Favoring Decisions on the Merits

"The final *Eitel* factor examines whether the strong policy favoring deciding cases on the merits prevents a court from entering a default judgment." *Craigslist*, 694 F. Supp. 2d at 1061.  Although "[c]ases should be decided on their merits whenever reasonably possible," *Eitel*, 782 F.2d. at 1472, "[u]nder Fed. R. Civ. P. 55(a), termination of a case before hearing the merits is allowed whenever a defendant fails to defend an action." *PepsiCo*, 238 F. Supp. 2d at 1177.  Notwithstanding the strong policy presumption in favor of a decision on the merits, where a defendant's failure to appear and respond "makes a decision on the merits impractical, if not impossible," default judgment is appropriate.  *Id*.  Here, Defendants stopped participating in the action, their attorneys withdrew from representation based on non-payment (*see* Order, Doc. 24), and Defendants have failed to obtain new counsel despite their inability to proceed *pro se*.  Because a decision on the merits would therefore be "impractical, if not impossible," this factor weighs in favor of default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV19-00146-JLS-KES                              Date: May 26, 2021
Title:  Harold L. Collins et al v. Enver Solar Inc. et al

### 7.    Conclusion as to *Eitel* factors

In sum, the *Eitel* factors favor entry of default judgment.  Accordingly, the Court GRANTS Plaintiff's motion for default judgment.

## IV.    <u>REMEDIES</u>

Rule 54(c) "allows only the amount prayed for in the complaint to be awarded to the plaintiff in a default."  *Landstar Ranger, Inc.*, 725 F. Supp. 2d at 92 (citing *Elektra Entertainment Group Inc. v. Bryant*, No. CV 03–6381 GAF (JTLx), 2004 WL 783123, *5 (C.D.Cal. Feb. 13, 2004)); *see Fong v. United States*, 300 F.2d 400, 413 (9th Cir.1962) (stating that a default judgment may not be different in kind from or exceed in amount that prayed for in the complaint).

### A.    TCPA Damages

The TCPA provides for statutory damages of $500 per violation where a plaintiff does not allege actual damages. *See* 47 U.S.C. §§ 227(c)(5) (permitting a plaintiff to recover actual monetary loss or to receive $500 in damages for each such violation, "whichever is greater").  The TCPA also allows for the trebling of damages where courts find that the defendant "willfully or knowingly" violated the TCPA or its prescribed regulations. 47 U.S.C. § 227(c)(5).

Here, Plaintiff seeks treble damages of $1,500 for six violations of the TCPA, one for each call made.  "[T]here appears to be a split in authority as to what predicate conduct is required before a treble damages awar[d] may be issued." *J2 Global Commc'ns., Inc. v. Blue Jay Inc*., No. C 08-4252 PJH, 2009 WL 4572726, at *7 (N.D. Cal. Dec. 1, 2009).  Whereas some courts have held that a defendant must have known that such conduct was a violation of law, other courts have held that a defendant must have only acted intentionally.  *See id*. (comparing cases).  However, "the court has wide

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV19-00146-JLS-KES                                    Date: May 26, 2021
Title:  Harold L. Collins et al v. Enver Solar Inc. et al

discretion in determining the amount of damages to be awarded within statutory limits."
*See Andrews v. All Green Carpet & Floor Cleaning Serv.*, No. 5:14-CV-00159-DDW
EX, 2015 WL 3649585, at *6 (C.D Cal. June 11, 2015) (quoting *Elektra Entm't Grp.,
Inc. v. Bryant*, No. CV 03-6381 GAF (JTLx), 2004 WL 783123, at *6 (C.D. Cal. Feb. 13,
2004)).

Plaintiff avers that on March 2, 2018, Defendants made six unsolicited calls to his
cordless home telephone number, which had been registered on the DNC Registry since
August 9, 2012.  (Collins Decl. ¶¶ 3–4.)  He answered the first call and told the caller not
to call again, that his number was on the DNC Registry and should be removed from
Defendants' call list.  (*Id.* ¶ 10.)  He then received five more calls from Defendants over
the course of the morning.  (*Id.* ¶¶ 10–13.)  The Court concludes that, although the first
call cannot be said to have been a "knowing and willful" violation of the TCPA, the five
subsequent calls made after Plaintiff affirmatively requested that Defendants stop calling
him "were arguably made with blatant and intentional disregard to [Plaintiff's] request."
*See Paul Sapan v. The Porter Group, LLC et al.*, Case No. SACV 15-318-JLS (DFMx)
(C.D. Cal. November 3, 2015) (awarding treble damages on a motion for default
judgment for eight calls made to a plaintiff's home after the plaintiff had affirmatively
requested that the defendants stop calling).

The Court will therefore award Plaintiff statutory damages of $500 for the first
phone call made on March 2, 2018, and treble damages of $1,500 for the subsequent five
phone calls.  In total, Plaintiff is entitled to an award of **$8,000** under the TCPA.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV19-00146-JLS-KES                                        Date: May 26, 2021
Title:  Harold L. Collins et al v. Enver Solar Inc. et al

B.     **CIPA Damages**

Section 637.2 provides in relevant part:

(a) Any person who has been injured by a violation of this chapter may
bring an action against the person who committed the violation for the
greater of the following amounts:
    (1) Five thousand dollars ($5,000) per violation.
    (2) Three times the amount of actual damages, if any, sustained by
    the plaintiff.

Cal. Penal Code § 637.2(a).  "It is not a necessary prerequisite to an action
pursuant to this section that the plaintiff has suffered, or be threatened with, actual
damages."  *Id.* § 637.2(c).  Here, Plaintiff seeks $5,000 for six violations of
Section 632.7 (one for each phone call).  As discussed above, Plaintiff has
adequately pleaded six violations of Section 632.7 and supported the allegations
with a declaration.  (*See* Collins Decl. ¶¶ 13–15.)  Plaintiff is therefore entitled to
an award of $5,000 per violation, for a total of **$30,000.**

V.     <u>**CONCLUSION**</u>

For the above reasons, Plaintiff's Motion is GRANTED.  Plaintiff is entitled to a
statutory award of $8,000 for TCPA violations and $30,000 for CIPA violations, for a
total award of $38,000.  In accordance with Local Rule 54-3, Plaintiff must submit a "Bill
of Costs" and an "Application to the Clerk to Tax Costs" to recover any eligible costs in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.  SACV19-00146-JLS-KES                          Date: May 26, 2021

Title:  Harold L. Collins et al v. Enver Solar Inc. et al

this action. See C.D. Cal. R. 54-2, 54-2.1.  Plaintiff shall submit a proposed judgment within **five (5) days of the date of this Order.**

Initials of Deputy Clerk: kdu